Ex parte Miguel José Arsuaga, Petitioner and Appellant.

No. 5417.   Argued March 27, 1931.—Decided April 8, 1931.

*Rafael Arce* for appellant.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

Miguel José Arsuaga, as father with *patria potestas* over the minors, Juan Alberto, Miguel Angel, Lorenzo, Alfonso, and Rafael Arsuaga Roure, applied to the District Court of Arecibo for authorization to sell certain undivided interests owned by the said minors in two rural properties located in the municipal district of Manatí. The court granted this authorization, fixed the selling price of the *condominia,* and ordered a public sale and that the proceeds thereof should be deposited in the office of the clerk of the court to be invested, with the intervention of the district attorney, in the acquisition of a house or other real property, or in a mortgage.

The public sale was made and the amount accruing to the minors was deposited with the clerk of the court. Shortly thereafter the petitioner moved that the deposit be transferred to a savings account in a bank, and this was done pursuant to an order.

Mr. Arsuaga applied again to the court seeking that the funds belonging to his children be further invested. He was the owner of a first mortgage on a piece of property with a frame house thereon located in Rosario Street, Caguas, for the amount of two thousand dollars as principal, with interest thereon at 9 per cent per annum. Mr. Arsuaga proposed that his children loan to him the sum of $1,900 with interest at the rate of 9 per cent per annum, for the unexpired portion of the term of the mortgage, such loan to be secured by a mortgage on the said mortgage credit (*subhipoteca*) subject to the same conditions as the principal mortgage. The district attorney opposed this petition on the ground that a transaction wherein the mortgage creditor (*sic*) would be the father of the minors and at the same time the person called upon to bring the proper action in case of default under the submortgage, would not seem beneficial to the minors. The court denied the petition and from that decision Mr. Arsuaga has taken an appeal to this Court.

Two errors are assigned by the appellant. By the first assignment manifest abuse of discretion, to the prejudice of both the interest of the petitioning father and of the minors themselves, is charged. The second assignment is predicated on an alleged violation of section 225 of the Civil Code.

The interest of the petitioning parent is of no importance in cases like the present one. It rather seems that such interest must be disregarded or put aside where property of a minor is concerned. If the father has incurred the expense incidental to the prosecution of a proceeding for judicial authorization (*expediente de utilidad y necesidad*), or any other expense, this is but a part of his duty towards his children, although he may recover such expenses out of the interest on any amount obtained or of the principal itself. No court would refuse to authorize such reimbursement. Any expenses incurred for the education of a minor, or for his food and clothing, form a part of the obligations inherent in the *patria potestas* and can not, therefore, be invoked; especially where, as stated by the appellant herein, the parent is able, by reason of his position and his income, to defray such expenses.

As regards the tendency and scope of the Act of March 9, 1911, which the appellant claims has produced disastrous results in family relations, it is a fact that the act has entrusted the investment of the proceeds of the sale of property owned by a minor to the court and not to the father, mother, or guardian of such minor. Whether this is an invasion of the sanctity of the family or a limitation of the authority or power of the parents, is not a matter for us to consider. Generally, law conforms to the dictates of justice, and to the circumstances and time of its enactment. The Legislature deemed it advisable to extend the power of the courts in this respect, and it did so.

We do not think that section 225 of the Civil Code has been violated by the court. This section reads as follows:

"Property acquired by an unemancipated child by labor or industry, or for any valuable consideration, belongs to the said child, but the usufruct thereof belongs to the parents having *potestas* over him whilst he lives in their company; but if the child with the consent of his parents, lives independently, he shall be deemed emancipated for all effects as regards the said property, and he shall be the full owner and have the usufruct and administration thereof."

This legal provision grants to the parents the usufruct of the property specified therein; a right which is not affected by the order appealed from. The matter pertaining to the investment of the proceeds of a sale of property belonging to minors is regulated by the Act of 1911 already cited.

To place a son in the position of a creditor of his father secured by a mortgage would be unwise, and a court which denies a petition seeking such result acts both wisely and prudently.

The order appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.